IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADOLFO VIGIL,

      Plaintiff,

    vs.                        Civ. No. 10-1226 WJ/ACT

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

      Defendant.


ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND REDCOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. No. 21] filed September 28, 2011.  Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Defendant") filed Objections to the Proposed Findings and Recommended Disposition of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) [Doc. No. 22] on October 12, 2011 ("Objections").  Plaintiff filed his Opposition to Commissioner's Objections [Doc. No. 25] on November 14, 2011 ("Response").

The Court has conducted a *de novo* review of the record and finds that the objections are not well-taken.  The Court will adopt the Magistrate Judge's Proposed Findings and Recommended Disposition.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 24, 1998, an application for childhood Social Security income ("SSI") disability benefits was filed on behalf of Plaintiff. [Tr. 15.] The Commissioner determined that the Plaintiff

was disabled beginning July 1, 1998. [Id.] As required by law, after Plaintiff attained age eighteen (18) his eligibility for SSI disability benefits was re-determined under the rules for determining disability in adults.  In October 2008, Plaintiff was notified his disability had been found to cease effective October 1, 2008.  The termination was upheld upon reconsideration in a disability hearing officer decision. [Id.]

On May 21, 2010, the ALJ conducted a hearing. [Tr. 200-21.]  At the hearing, Plaintiff was represented by an attorney.  On May 27, 2010, the ALJ issued an unfavorable decision finding that Plaintiff "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [Tr. 23.]

On November 10, 2010, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. [Tr. 4-6.] On December 21, 2010, the Plaintiff filed her Complaint for judicial review of the ALJ's decision.

On June 13, 2011, Plaintiff filed a Motion to Remand or Reverse and Brief in Support of Motion to Remand or Reverse. [Doc. Nos. 14 and 15.] On August 15, 2011, Defendant filed a Response [Doc. No. 17], and on September 7, 2011, Plaintiff filed a Reply [Doc. No. 20].  On October 12, 2011, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, Judge Torgerson entered the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. No. 21].

Judge Torgerson found that the ALJ erred at step three by failing to "explain the basis, evidentiary or otherwise, to prefer the nonexamining source opinions [of State agency physicians] over the nontreating source opinion [of Dr. John Lang]" in determining that the Plaintiff's mental impairment did not meet or equal Listing 12.05 (*Mental Retardation*). [Id. at 4, 7.] In addition, Judge Torgerson found that "[t]he ALJ failed to discuss the factors discussed

2

above and give 'specific legitimate reasons for rejecting' Dr. Lang's opinion." [Id. at 7.]  On remand, Judge Torgerson specifically ordered that the "ALJ must discuss the probative aspects of Dr. Lang's report and, if he again rejects its conclusions, give legally adequate reasons for doing so." [Id. at 7.]

Defendant asks this Court to "set aside the Proposed Findings, and affirm the ALJ's decision" because the Plaintiff did not raise the issue regarding the ALJ's failure to analyze Dr. Lang's evaluation, and that as a result the Commissioner did not address that issue in his Response.[1] [Doc. 22 at 1.]   Defendant submits "that the Court should permit the Commissioner to brief this issue before a decision is made to remand this case solely on this basis." [Id.] Defendant argues, *inter alia*, that Dr. Lang's evaluation is not a "medical opinion" and was "correctly treated as an evaluation" by the ALJ, and that the ALJ properly noted Dr. Lang's diagnosis and test findings. [Doc. 22 at 2-4.]

Plaintiff requests the Court to deny the Commissioner's objections and to remand the case to the Administration for further proceedings.

---

[1]   Defendant also submits that while Judge Torgerson did not recommend remand at step five, "the Magistrate Judge incorrectly stated the Commissioner's burden of proof at the fifth step." [Doc. 22 at 1.] The Commissioner cites two recent District of New Mexico decisions in which the step-five burden language was addressed.  In *Chaisson v. Astrue*, USDC NM Civ. 10-798 WJ/KBM (Doc. 20 at 35-38), the Court went to great lengths to discuss the explanatory language contained in 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003), language to which the Commissioner points to support his conclusion that Judge Torgerson incorrectly stated the Commissioner's burden of proof at step five. However, the *Chaisson* opinion points out that the Tenth Circuit has found this language to be "incorrect."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)(stating that "if a claimant successfully meets his burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given his age, education, and work experience.").  In *Romero v. Astrue*, USDC NM Civ. No. 10-580 WPL (Doc. 27 at 21-22), the Court states that the regulatory language iterated by the ALJ regarding the burden at step five "comports with the regulations and the case law" and its use is not "legal error."  However, the Court also states that "[u]ndoubtedly, at the fifth step, the burden of proof shifts to the SSA." [p. 21]  Judge Torgerson has correctly stated the burden of proof at step five as explicitly articulated by the Tenth Circuit's opinion in *Grogan,* and it should be heeded by the Commissioner.

## DISCUSSION

Defendant's argument that because the Plaintiff failed to specifically raise the issue of the ALJ's failure to analyze Dr. Lang's evaluation thereby prevented him from adequately responding is untethered.  The ALJ stated in his decision that "I give considerable weight to the opinions of the State agency physicians because they were credible and consistent with the evidence.  I agree the evidence does not support the conclusion that Mr. DeVigil has had mental retardation." [Tr. 18.] In his Motion, Plaintiff raised the alleged error by the ALJ in determining that Plaintiff did not meet the requirements for Listing 12.05(C) (*Mental Retardation*), a determination the ALJ could only make by disregarding Dr. Lang's diagnosis of mental retardation.  [Doc. No. 15 at 3.]  Plaintiff specifically referred to the Full-Scale IQ results based on Dr. Lang's Wechsler Adult Intelligence Scale-III testing of Plaintiff, results which supported criteria found in Listing 12.05(C). [Id. at 6.]  The Plaintiff also referenced the ALJ's opinion wherein he stated that "[t]he opinions of Dr. Lang were noted regarding Mr. DeVigil having mild mental retardation.  However, the State agency physician also noted the school records indicated that Mr. DeVigil's adaptive functioning was higher than the numerics suggested." [Id. at 7.]  Plaintiff then argued that "[t]he ALJ appears verbatim to have adopted the comments of Dr. Blackharsh [sic], the non-examining Agency reviewer, at R. 185." [Id. at 7.]  Thus, while the Plaintiff did not specifically state that "the ALJ should have provided an analysis explaining his disregard of Dr. Lang's report pursuant to regulatory requirements," the Plaintiff did specifically raise the issue of Plaintiff's failure to meet the requirements for Listing 12.05(C) because Dr. Lang's report was disregarded.

That aside, the Commissioner's claim that the absence of this specific language prevented him from responding to this issue is a moot point because the report is silent as to why

the ALJ disregarded Dr. Lang's diagnosis.  Post-hoc efforts by the Commissioner to work through the regulatory requirements for affording no weight to Dr. Lang's opinion on behalf of the ALJ is prohibited.  *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir.2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004) ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

Defendant's argument that Dr. Lang's evaluation is not a "medical opinion" and was "correctly treated as an evaluation" by the ALJ is without merit.  Dr. Lang's evaluation constitutes a medical opinion.  "Medical opinions are statements from physicians and *psychologists* or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, *diagnosis* and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).  (Emphasis added.)  Plaintiff was referred by Disability Determination Services to Dr. Lang, a clinical psychologist, for a "mental status exam and cognitive testing in order to assist the Disability Program determine his eligibility to receive benefits." [Tr. 159.] Dr. Lang diagnosed Plaintiff with "mild mental retardation," and further concluded that Plaintiff "continues to function at the mild range of mental deficiency." [Tr. 161.]

Finally, because Dr. Lang's evaluation is medical opinion evidence, the ALJ must consider it in accordance with the factors contained in the regulations.  "Regardless of its source, we will evaluate every medical opinion we receive.  Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors

in deciding the weight we give to any medical opinion." 20 C.F.R. § 404.1527(d). Those factors include (1) the examining relationship, with generally more weight given to the opinion of a source who has examined you than to the opinion of a source who has not examined you; (2) the treatment relationship, including the length of the treatment relationship and frequency of examination, and the nature and extent of the treatment relationship; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) the consistency of an opinion in relationship to the entire record; (5) whether or not the physician is a specialist about the relevant medical issues; and (b) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(1)-(6); *see Siegle v. Barnhart*, 377 F. Supp. 2d 932, 940 (D. Colo. 2005) (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (finding that ALJ is required to consider nontreating physician's opinion with regards to "several factors, and to provide specific, legitimate reasons for rejecting it." (Citations omitted.)

The Court agrees with Judge Torgerson's findings that "[t]he ALJ failed to discuss the factors discussed above and give 'specific legitimate reasons for rejecting' Dr.Lang's opinion" as required by regulations and case law.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the objections by Defendant are overruled and the Magistrate Judge's Proposed Findings and Recommended Disposition is hereby adopted by the Court.

_____
**WILLIAM P. JOHNSON**
**United States District Judge**