IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ADOLFO DE VIGIL,**

  **Plaintiff,**

  **vs.**              Civ. No. 10-1226 WJ/ACT

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security,**

  **Defendant.**

## ORDER REGARDING PLAINTIFF'S MOTION FOR E.A.J.A. AWARD OF ATTORNEY'S FEES AND COSTS

THIS MATTER is before the Court on Plaintiff's Motion for E.A.J.A. Award of Attorney's Fees and Costs ("Motion"), filed July 17, 2013. [Doc. 29.] On July 29, 2013, Defendant filed its Response. [Doc. 30.] No reply was filed. Having considered the parties' submissions and the relevant law, this Court finds that Plaintiff's Motion is not well taken and it is **DENIED**.

### PROCEDURAL BACKGROUND

On July 24, 1998, an application for childhood Social Security income ("SSI") disability benefits was filed on behalf of Plaintiff. [Tr. 15.] The Commissioner determined that the Plaintiff was disabled beginning July 1, 1998. [Id.] As required by law, after Plaintiff attained age eighteen (18) his eligibility for SSI disability benefits was re-determined under the rules for determining disability in adults. In October 2008, Plaintiff was notified his disability had ended effective October 1, 2008. The termination was upheld upon reconsideration in a disability hearing officer decision. [Id.]

The ALJ conducted a hearing on May 21, 2010. [Tr. 200-21.]  At the hearing, Plaintiff was represented by an attorney.  On May 27, 2010, the ALJ issued an unfavorable decision finding that Plaintiff "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [Tr. 23.]

On November 10, 2010, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. [Tr. 4-6.] On December 21, 2010, the Plaintiff filed her Complaint for judicial review of the ALJ's decision.

On June 13, 2011, Plaintiff filed a Motion to Remand or Reverse and Brief in Support of Motion to Remand or Reverse. [Doc. Nos. 14 and 15.] On August 15, 2011, Defendant filed a Response [Doc. No. 17], and on September 7, 2011, Plaintiff filed a September 7, 2011 [Doc. No. 18].  On September 28, 2011, Magistrate Judge Alan Torgerson entered Proposed Findings and Recommended Disposition, recommending remand.  [Doc. No. 21.]

On October 12, 2011, Defendant filed Objections to the Proposed Findings and Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1).  [Doc. No. 22] On November 14, 2011, Plaintiff filed his Opposition to Commissioner's Objections.  [Doc. No. 25].   On February 26, 2013, this Court overruled Defendant's objections and entered its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition. [Doc. 27.]  On February 26, 2013, this Court also entered a Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. [Doc. 28.] Neither party appealed.

**Plaintiff's Motion**

Attorney Helen Lopez is seeking fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the total amount of $9,232.70.  She declared that she reasonably expended 46.35 hours in providing professional services at a rate of $184.00 per

hour, totaling $8,528.84.  She is also requesting $698.26 in New Mexico gross receipts tax and $5.60 in postage costs. [Doc. 29.]

Defendant objects to Plaintiff's Motion arguing, *inter alia*, that it is untimely because Plaintiff did not file his EAJA motion within ninety days of this Court's entry of final judgment. Were the Court to consider Plaintiff's Motion, Defendant asks the Court to reduce the EAJA award by rejecting Plaintiff's request for gross receipts tax, and by adjusting the hourly rates to comply with approved hourly rates for work performed in each of the years 2010, 2011, and 2012. [Doc. 30.]

## **RELEVANT LAW**

Under the Equal Access to Justice Act, a prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  A "final judgment in the action" is a "judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Birnell v. Apfel*, 76 F.Supp.2d 1196 (D.Kan. 1999)(quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)).  The Supreme Court has ruled that a remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the order final and appealable. *Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).  The thirty day "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Birnell*, 76 F.Supp.2d 1196.  According to Fed. R. App. P. 4(a)(1), "if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry [of final judgment]." Fed. R. App. P. 4(a)(1).  Consequently, EAJA's thirty-day time limit runs from [the] end of [the] sixty-day period for appeal in [a] social security case." *Birnell*, 76 F.Supp.2d at 1196-97 (quoting *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995)).

## ANALYSIS

The Court entered final judgment vacating and remanding this case to the Commissioner on February 26, 2013. Neither side appealed within the 60 days after Judgment was entered. Thus, the thirty-day clock for Plaintiff to timely file his application for fees and expenses under the EAJA began to run on April 27, 2013, giving Plaintiff until May 27, 2013, to timely submit his application. The Plaintiff did not file his application until July 17, 2013, fifty-one (51) days after the thirty-day time limit had run.

The only question before the Court is whether the Court may consider Plaintiff's application for EAJA attorney's fees and expenses despite the running of the time limit prescribed in 28 U.S.C. § 2412(d)(1)(B). The Tenth Circuit holds that the time limit for filing EAJA applications for fees and expenses is a mandatory, jurisdictional condition. *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1323 (10th Cir. 1999)). That is, as opposed to a statute of limitations, it is not subject to equitable tolling or waiver. *Robbins v. Barnhart*, 192 F.Supp.2d 1211, 1213 (D. Kan. 2000)(citing *Birnell*, 76 F.Supp.2d at 1197). Requiring compliance with the thirty-day time limitation before a court has subject matter jurisdictional over an application for EAJA is consistent with the doctrine of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued . . .and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 484, 586, 61 S.Ct. 767, 85 L.#d. 1058 (1941). Applying the doctrine of sovereign immunity to EAJA actions for attorneys' fees, the Tenth Circuit has held that "EAJA is a waiver of sovereign immunity and therefore must be strictly construed." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991)). Thus, the Court may not consider Plaintiff's application for EAJA attorney's fees and expenses.

For these reasons, the Court finds that because Plaintiff did not file his application for fees and expenses within the thirty-day time limit prescribed by 28 U.S.C. § 2412(d)(1)(B), this Court does not have subject matter jurisdiction to entertain Plaintiff's application for fees and expenses under the EAJA.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for E.A.J.A. Award of Attorney's Fees and Costs [Doc. 29] is **DENIED**.

_____
**United States District Judge**